Logan T. Johnston, AZ Bar #009484
**JOHNSTON LAW OFFICES, P.L.C.**
1402 E. Mescal Street
Phoenix, Arizona 85020
Telephone: (602) 452-0615
Facsimile: (602) 716-5997
ltjohnston@johnstonlawoffices.net
*Attorneys for Defendant Thomas J. Betlach*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| FLINT WOOD; et al., <br><br>  Plaintiffs, <br><br>  -vs- <br><br> THOMAS J. BETLACH, Director of the Arizona Health Care Cost Containment System; KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services, in their official capacities, <br><br>  Defendants. | **No.  CIV 12-08098-PCT-DGC** <br><br> **THOMAS BETLACH'S MOTION TO DISMISS SECOND CLAIM FOR RELIEF** |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Thomas J. Betlach moves to dismiss Plaintiffs' Second Claim for Relief for failure to state a claim upon which relief may be granted because the issues raised in the Second Claim have been decided by the Hon. Rosalyn O. Silver in *Newton-Nations v. Betlach*, No. CV-03-2506-PHX-ROS. Judge Silver's decision should be respected as *res judicata*.

The Plaintiffs' First Claim for Relief in this case challenges Secretary Sebelius' approval of copayment requirements for certain groups covered by the Arizona Health Care Cost Containment System ("AHCCCS").  The Second Claim for Relief alleges that in October 2010 Director Betlach violated 42 U.S.C. §1396a(a)(3) and the Plaintiffs' due

1

process rights under the Fourteenth Amendment by sending notices of the new copayments that were "legally deficient." These claims were raised and rejected in *Newton-Nations* in a decision the Plaintiffs are currently appealing. Thus, the Second Claim for Relief is simply an attempt at a second bite at the apple.

### A. *Newton-Nations v. Betlach*

In *Newton-Nations*, the complaint of the plaintiff class included a Count IV that alleged AHCCCS in 2003 had violated Medicaid law and due process by sending recipients unlawful notices of new copayment requirements.  In 2004, the Hon. Earl H. Carroll entered an injunction prohibiting implementation of these copayments.  In 2010, Judge Carroll vacated the injunction and granted summary judgment in favor of the Defendants on all issues, including the lawfulness of the 2003 notices.  Following that decision, in August 2010 (not October, as Plaintiffs allege) Director Betlach sent class members a new notice of copayment requirements.  As the Ninth Circuit observed, the Plaintiffs did not challenge these notices. *Newton-Nations v. Betlach*, 660 F.3d 370, 383 (9th Cir. 2011).  The new copayments went into effect October 1, 2010.

The Plaintiffs appealed Judge Carroll's decision.  The Ninth Circuit affirmed the legality of imposing copayments on the AHCCCS groups at issue but remanded for further proceedings to determine whether the Secretary had a sufficient basis under the Administrative Procedure Act to approve the copayments.  *Id.*  As to the AHCCCS notices, the Ninth Circuit questioned the validity of the 2003 notice but noted that Plaintiffs' claims were "likely" moot because of the new notices in 2010.  It remanded

the issue to the District Court for further consideration "in light of intervening events." *Id.*

On remand, the Director moved to dismiss the Plaintiffs' Count IV for mootness, arguing that the August 2010 notice superseded the 2003 notice and that it plainly complied with relevant law. The Plaintiffs responded that the issue was not moot because AHCCCS was continuing to act unlawfully: "The 2010 copayment notice violates the Medicaid Act and the due process clause of the United States Constitution."

> The copayment notice does not: (1) provide the recipient with sufficient information so that he or she can determine the accuracy of AHCCCS' decision to charge them the heightened and mandatory copayments and, therefore, whether to protest the imposition of the copayments; (2) provide any information on appeal rights; or (3) explain how the current copayments could remain in effect pending the appeal [of *Newton-Nations*].

*Newton-Nations,* Dkt. 246, p.4.   They argued, "In sum, there is no way to reconcile the AHCCCS 2010 copayment notice with the requirements for due process and well-established Arizona precedents . . . . Defendant Betlach continues to send copayment notices that are legally deficient and that have many of the same flaws as the 2003 notices." *Id.,* pp. 8, 10.  Though they offered no arguments regarding irreparable injury, the balance of hardships, or the public interest, they nevertheless asked Judge Silver to enjoin the Director from using the 2010 notice.   *Id.,* p. 10.

By granting the AHCCCS motion to dismiss, Judge Silver necessarily rejected the Plaintiffs' argument.   She ruled, "Given the expiration of the prior program, *as well as the additional notices sent later*, the claim in Plaintiffs' complaint regarding the 2003 notices is moot." *Newton-Nations,* Dkt. 261, p.5 (emphasis added).  Had Judge Silver

3

accepted Plaintiffs' argument that the 2010 notices were "legally deficient," she would neither have found the issue moot nor cited the 2010 notices as a reason why the issue was moot.

The Complaint herein renews the arguments made to Judge Silver:

> In October [sic] 2010, AHCCCS began to use a "Notice of Changes in Your Copays for AHCCCS Services" to inform recipients of the challenged copayments. These notices failed to provide the recipients with (1) sufficient information so that he or she could determine the accuracy of AHCCCS' decision to charge them the heightened and mandatory copayments and, therefore, whether to protest the imposition of the copayments; (2) any information on appeal rights; (3) an explanation how the current copayments could remain in effect pending the appeal; and (4) the statutory or regulatory cites that support the action.

Dkt. 1 herein, ¶44.  Except for the fourth item, these are the identical allegations Judge Silver rejected.  The fourth argument that the statutory or regulatory cites were not provided is simply inaccurate, since the notice says, "The legal basis for this decision is AHCCCS Rule A.A.C. R9-22-711(F)."  *See* Exhibit A hereto (which was Exhibit A to the Director's Motion to Dismiss in *Newton-Nations,* Dkt. 235).

### B.  *Res Judicata*

The Plaintiffs did not challenge the "deficient" AHCCCS notice when it was sent in August 2010.   Their present Motion for Preliminary Injunction seeks no injunctive relief regarding the notice.[1]  Instead, almost two years after the notice was sent, they seek to revive arguments Judge Silver has rejected and that they will presumably  raise in their pending, second appeal in *Newton-Nations* .  *Newton-Nations,* Dkt. 268 (May 11, 2012).

---

[1] *See* Motion for Preliminary Injunction, Dkt. 7, n. 1.  Indeed, the Complaint does not allege that the Plaintiffs failed to receive timely notice or that any Plaintiff was confused, misled, or harmed in any way by the 2010 notice.

4

*Res judicata* should bar Plaintiffs' Second Claim for Relief.

> Three elements constitute a successful *res judicata* defense. *Res judicata* is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties."

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir. 2003) (footnote and internal quotation marks omitted).  First, the legal theory regarding the 2010 AHCCCS notice herein is identical to that in *Newton-Nations*. *Compare* ¶¶ 27-30 of the Complaint herein to ¶¶ 39-42 of the complaint in *Newton-Nations*.  The claims about the 2010 notice are, as discussed above, the same as were made to Judge Silver.  Second, the parties in the two cases are in privity with each other. The plaintiffs in this case are all childless adult members of the *Newton-Nations* class. The class they seek to define in this case is a subset of the class in *Newton-Nations*. [2] Third, there is a final judgment in *Newton-Nations*.

## CONCLUSION

The Complaint's Second Claim for Relief should be dismissed for failure to state a claim, on grounds of *res judicata*.

**RESPECTFULLY SUBMITTED** this 18th day of June 2012.

---

[2] The class in *Newton-Nations* is "all Arizona Health Care Cost Containment System eligible persons in Arizona who have been or will be charged copayments pursuant to Arizona Administrative Code Amended Rule R9–22–711(E)," which applied to the "childless adult" and "medically eligible deduction" AHCCCS groups. Dkt. 1, ¶35.  In this case, the Complaint seeks to define a class of "all residents of Arizona who have been or will be charged copayments pursuant to Arizona Administrative Code R9-22-711(F) [the current numbering of the copayment rule, described at ¶43 of the Complaint] or who will be deterred from obtaining or denied Medicaid-covered services because they cannot pay the copayments." Dkt. 1, ¶13.

**JOHNSTON LAW OFFICES, P.L.C.**

By /s/ Logan T. Johnston
　　　Logan T. Johnston
　　　1402 E. Mescal Street
　　　Phoenix, Arizona 85020
　　　*Attorneys for Defendant Betlach*

ORIGINAL of the foregoing electronically filed with the Clerk of the Court this 18th day of June, 2012.

COPY of the foregoing e-mailed via Electronic Case Filing System this 18th day of June, 2012 to:

Ellen Sue Katz
William E. Morris Institute for Justice
202 E. McDowell Road, Suite 257
Phoenix, Arizona 85004

Jane Perkins
National Health Law Program
211 N. Columbia Street, 2nd Floor
Chapel Hill, NC 27516
*Attorneys for Plaintiffs*

Joel McElvain
Joseph W. Mead
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 7332
Washington, DC 20001
*Attorneys for Defendant Kathleen Sebelius*

/s/ Logan Johnston

6