**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flint Wood, et al.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Thomas Betlach, Director of the Arizona Health Care Cost Containment System, and Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, in their official capacities,<br><br>　　　　　　Defendants. | No. CV12-08098-PHX-DGC<br><br>**ORDER** |

　　　　Defendant Thomas Betlach, Director of the Arizona Health Care Cost Containment System ("the Director") has filed a motion to dismiss Plaintiffs' second claim for relief for failure to state a claim on the grounds that it is barred by *res judicata*. Doc. 26.  The motion has been fully briefed (Docs. 35, 43), and neither party has requested oral argument.  For the reasons set forth below, the Court will deny the motion.

**I.　　Background.**

　　　　Plaintiffs are residents of Arizona who qualify for medical services through the Arizona Health Care Cost Containment System ("AHCCCS") under a Medicaid-approved project covering low-income single adults and couples who do not have dependent children living with them.  Doc. 1, ¶¶ 1-2.  Plaintiffs filed this action for declaratory and injunctive relief challenging the copayments charged to this population. *Id.*  Plaintiffs make two claims for relief: (1) that the decision approving the copayments by Defendant Kathleen Sebelius, Secretary of the United States Department of Health

and Human Services ("The Secretary"), violates the Social Security Act and is arbitrary and capricious, and (2) that the written notices sent by Director Betlach regarding the copayments violate the Due Process Clause of the U.S. Constitution. *Id.*, ¶¶ 94-100.

Plaintiffs' suit follows a prior class action, *Newton-Nations v. Rogers*, No. CV 03-2506-PHX-EHC, 2010 WL 1266827 (D. Ariz. March 29, 2010), in which different named plaintiffs challenged the copayments and notice provisions on behalf of the same low income childless adult population covered by a previous – now-superseded – AHCCCS program. In *Newton-Nations*, the plaintiffs challenged the then-Secretary's 2003 decision approving the copayment provisions and the 2003 notices sent to class members. 2010 WL 1266827 at *8. The district court granted summary judgment to Defendants. *Id.* at *21. On appeal, the Ninth Circuit affirmed in part and reversed in part. *Newton-Nations v. Betlach*, 660 F.3d 370, 383-84 (9th Cir. 2011).

The Court of Appeals made no finding on the merits of the 2003 notices, but noted numerous intervening events, including new notices sent in 2010 and 2011, and stated that "[i]f the alleged failure to provide adequate notice of coverage changes in 2003 has not been repeated, these intervening events likely have rendered this claim moot." *Id.* at 883. The Court of Appeals remanded to the district court "for a determination of whether there is an ongoing basis for this claim, and if so, whether the relevant notices have satisfied the requirements of constitutional due process and the Medicaid Act." *Id.*

On remand, Judge Rosslyn O. Silver dismissed the 2003 notice claim as moot. *Newton-Nations v. Betlach*, 2:03-cv-02506-ROS, Doc. 261 at 5. Judge Silver reasoned that "[g]iven the expiration of the prior program, as well as the additional notices sent later, the claim in Plaintiffs' complaint regarding the 2003 notices is moot." *Id.*

**II.   Legal Standards.**

"The doctrine of *res judicata* provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States,* 440 U.S. 147, 153 (1979)). Thus, *res judicata* applies "whenever there is (1) an identity of

claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.,* 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002)). Identity of claims exists when two suits "arise from the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks and citation omitted). "Privity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *Stratosphere*, 322 F.3d at 1143 n. 3 (quoting *Schimmels*, 127 F.3d at 881).

## III. Discussion.

The Director argues that Plaintiffs' claim regarding the notices sent in 2010 should be dismissed on *res judicata* grounds because it relies on the identical legal theory presented in *Newton-Nations*, it was presented to and decided by Judge Silver on remand, and the parties are in privity because they represent the same class of low income childless adults. Doc. 26 at 5.

Plaintiffs argue that Judge Silver's dismissal of the 2003 notices claim on mootness grounds is not a final judgment on the merits for purposes of *res judicata*. Doc. 35 at 4. Plaintiffs also argue that *res judicata* does not apply in any case because mere identity of legal theory and alleged harm does not equate to identity of claims. *Id.* Plaintiffs argue that the claim pertaining to the 2010 notices was not brought – and could not have been brought – in *Newton-Nations* because the 2010 notices did not yet exist when the plaintiffs filed their complaint; thus, the claim does not arise from "the same transactional nucleus of facts" as required for *res judicata*. *Id.* at 4-6.

The Director argues that Judge Silver could not have made the mootness determination without first finding the 2010 notices legally sufficient, and it is this implicit finding on the merits of the 2010 notices that precludes relitigation. Docs. 26 at 3-4; 43 at 2-4. This is really an issue-preclusion argument. It is not the finding of mootness that the Director argues precludes Plaintiffs' claim, but the finding on an issue

- 3 -

central to the mootness inquiry (the sufficiency of the 2010 notices) that the Director argues precludes relitigation of that issue.  To prevail on such an issue-preclusion argument, however, the Director must show that Judge Silver made the determination that the 2010 notices were legally sufficient.  "The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992).

To show what Judge Silver decided, the Director points to what the Ninth Circuit said when it remanded the case for further consideration – that "if the alleged failure to provide adequate notice of coverage changes in 2003 has not been repeated, these intervening events [including new 2010 and 2011 notices] likely have rendered this claim moot."  660 F.3d at 383.  The Director also notes that on remand the plaintiffs argued that the 2010 notices were a continuing violation, and the Director developed the record and argued that the new notices satisfied due process.  Docs.  26 at 3; 43 at 5.  The Director argues that if the Court were now to find the 2010 notices unlawful, such a finding would necessarily conflict with Judge Silver's apparent determination that the 2010 notices were legally sufficient.  Doc. 43 at 8.

The Director misstates the scope of Judge Silver's opinion.  The only legal determination Judge Silver made regarding the notices was that the then-plaintiffs' claim regarding the sufficiency of the 2003 notices was moot.  Although the Ninth Circuit instructed the district court to determine "whether there is an ongoing basis for [the claim that the 2003 notices violated due process], and if so, whether the relevant notices have satisfied the requirements of constitutional due process and the Medicaid Act" (*id*.), Judge Silver determined that the claim regarding the 2003 notices was moot and never reached the second part of the inquiry.  She never addressed the sufficiency of the later notices.  Nor is Judge Silver's limited explanation that the 2003 claim was moot "given the expiration of the prior program, as well as the additional notices later sent" (2:03-cv-02506-ROS, Doc. 261 at 4) enough to show "with clarity and certainty [that the sufficiency of the 2010 notices] was determined by the prior judgment." *Clark v. Bear*

*Stearns & Co., Inc.*, 966 F.2d at 1321.  This is particularly true given Judge Silver's general statement that the plaintiffs were free to challenge the new program in a new suit. 2:03-cv-02506-ROS, Doc. 261 at 4.  It appears that Judge Silver simply was of the view that new events had mooted the old claims before her.  The Court cannot conclude that she decided the legal sufficiency of the 2010 notices *sub silentio*.

Nor is the Court persuaded by the Director's *res judicata* argument that Plaintiffs' claim regarding the 2010 notices is barred as one that "could have been brought" in the earlier action.  *See* Doc. 43 at 7 (*citing, e.g.*, *United States ex rel. Barajas v. Northrup Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) ("Res judicata bars relitigation of all ground of recovery that . . . could have been asserted.").  The prior lawsuit concerned events of 2003.  This lawsuit concerns events of 2010.  Although the legal issues are similar, the factual basis for the current claim arises from different events.  As a result, the Court cannot conclude that this case presents an identity of claims.  Nor can the Court conclude that the prior claims were decided on the merits; Judge Silver never addressed the merits. *Res judicata* therefore does not apply.  *Tahoe-Sierra Pres. Council,* 322 F.3d at 1077 (*res judicata* requires an identity of claims and a final judgment on the merits).

**IT IS ORDERED** that Defendant Thomas Betlach's motion to dismiss Plaintiffs' second claim for relief (Doc. 26) is **denied**.

Dated this 24th day of September, 2012.

_____
David G. Campbell
United States District Judge

- 5 -