**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flint Wood, et al., <br><br> Plaintiff, <br><br> v. <br><br> Thomas Betlach, Director of the Arizona Health Care Cost Containment System, and Kathleen Sebelius, Secretary of the United States Department of Health and Human Services, in their official capacities, <br><br> Defendants. | No. CV-12-08098-PCT-DGC <br><br> **ORDER** |

Plaintiffs are low income residents of Arizona who qualify for medical assistance under a state-run program administered by the Arizona Health Care Cost and Containment System ("AHCCCS"). AHCCCS receives federal funding for this program as a Medicaid Act demonstration project approved by the Secretary of the U.S. Department of Health and Human Services ("DHHS"). The demonstration project provides coverage to low income childless adults who are not covered by Arizona's Medicaid state plan. Patients covered by AHCCCS through the demonstration project are subject to mandatory copayments for doctor's visits, non-emergency use of emergency room services, and prescription drugs. These copayments, enacted under Arizona Administrative Code Rule R9-22-711(F), are higher than the nominal copayments charged to low income disabled individuals and families with dependent children – the "chronically needy" population – covered by AHCCCS through Arizona's Medicaid state plan.

Plaintiffs seek declaratory and injunctive relief from these heightened and mandatory copayment requirements. Doc. 1. Plaintiffs allege that the requirements violate Medicaid's nominality limits and its prohibition on denial of services for inability to make copayments (*id.*, ¶¶ 2, 36, 37); that DHHS Secretary Kathleen Sebelius exceeded her authority under 42 U.S.C. § 1315 when she granted approval to the heightened and mandatory copayments in the demonstration project and thereby violated the federal Medicaid Act and the Administrative Procedure Act ("APA") (*id.*, ¶¶ 60, 95-96); and that AHCCCS Director Thomas Betlach violated the due process requirements of the U.S. Constitution and the Medicaid Act when he sent legally insufficient notices to those subjected to the higher copayments. *Id.*, ¶¶ 44, 99.

Plaintiffs have filed a motion to certify this case as a class action under Federal Rule of Civil Procedure 23(a) and (b)(2). Docs. 13, 13-1. Secretary Sebelius filed a response in opposition to the motion (Doc. 31) and Defendant Betlach joined the response (Doc. 44). Plaintiffs replied (Doc. 40), and oral argument was held on September 24, 2012. For the reasons that follow, the Court will grant the motion.

**II.     Rule 23 Requirements.**

Under Rule 23(a), a district court may certify a class only if the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of the representative parties are typical of the claims of the class, and the representatives will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)-(4). Under Rule 23(b)(2), the court must also find that the party opposing the class has acted on grounds generally applicable to the class, making declaratory relief appropriate. Fed. R. Civ. P. 23(b)(2). The party seeking class certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) have been met. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186, *amended by* 273 F.3d 1266 (9th Cir. 2001). The court must rigorously analyze the facts of a class action to ensure that it comports with Rule 23. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

### III. Analysis.

Plaintiffs' motion seeks certification of a class defined as "all residents of Arizona who have been or will be charged copayments pursuant to Arizona Administrative Code, Amended Rule R9-22-711(F), or who will be deterred from obtaining or denied Medicaid-covered services because they cannot pay the copayments described in Arizona Administrative Code R9-22-711(F)." Docs. 13 at 1; 13-1 at 1. Plaintiffs argue that all requirements of Rule 23(a) have been met (Doc. 13-1 at 4-9) and that a class should be certified under Rule 23(b)(2) (*id.* at 9-10).

Defendants argue that the Court should deny certification because Plaintiffs' claims are not typical of the class as a whole and their interests are adverse to those of absent class members who would risk losing all health benefits if the Secretary's approval of the copayments under the demonstration project is vacated. Doc. 31 at 2. Defendants also take issue with the class definition as being "amorphously defined." *Id.* Because the Court must rigorously analyze a class action to ensure it comports with Rule 23, the Court will address each of the relevant Rule 23 requirements.

### A. Rule 23(a).

#### 1. Numerosity.

A proposed class satisfies the numerosity requirement if class members are so numerous that joinder would be impractical. Fed. R. Civ. P. 23(a)(1). Plaintiffs provide evidence that the class consists of more than 123,000 members. Doc. 13-1 at 4; Doc. 12, ¶ 8. This is more than sufficient to satisfy Rule 23(a)(1). *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003) (class of 15,000 met numerosity requirement).

#### 2. Commonality.

Commonality exists if there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). "This does not mean merely that they have all suffered a violation of the same provision of the law[.]" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011). Rather, the common contention underlying the claims "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or

falsity will resolve an issue which is central to the validity of each one of the claims in one stroke." *Id.*

Plaintiffs have presented questions of fact and law common to all class members. All members are low income individuals eligible for the same AHCCCS program and are subject to the higher copayment requirements. The declaratory and injunctive relief Plaintiffs seek would apply equally to all class members, and adjudication of individual claims would depend on resolving the same facts and issues of APA and Medicaid law. The commonality requirement is therefore satisfied. *See Armstrong v. Davis,* 275 F.3d 849, 868 (9th Cir. 2001) ("[C]ommonality is satisfied where the lawsuit challenges a systemwide practice or policy that affects all of the putative class members.").

### 3. Typicality.

A proposed class meets the typicality requirement where "the claims or defenses of the representative parties are typical of the claims and defenses of the class." Fed. R. Civ. P. 23(a)(3). This Circuit "has noted that 'the commonality and typicality requirements of Rule 23(a) tend to merge.'" *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 510-11 (N.D. Cal. 2007) (quoting *Staton*, 327 F.3d at 957). This is because a plaintiff's claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and his or her claims are based on the same legal theory." *Id.* at 511 (citation and quotation marks omitted); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) ("Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose[.]") (citations and quotation marks omitted).

Defendants argue that Plaintiff's claims are not typical because Plaintiffs' injuries resulting from the challenged copayments stem from their extremely low income levels and high need for medical care and are not representative of the injuries of others in the class who may be less medically and financially needy and who have benefited from the demonstration project's expansion of benefits. Doc. 31 at 8-9. Defendants' rely on *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011), which states that "[t]he test of

typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Id.* at 984 (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The requirement that other class members suffer the same or similar injury does not mean that all putative class members must suffer the full extent of injury suffered by the named representatives. The Ninth Circuit has stated that "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Plaintiffs have shown that they have suffered injuries that are sufficiently coextensive with the injuries of all putative class members. Plaintiffs present evidence that they have been told they must make copayments pursuant to Amended Rule R9-22-711(F), and they have been deterred from seeking needed medical services or will be denied those services because they cannot make the copayments. *See* Doc. 8, Wood Decl., ¶¶ 12-14; Doc. 9, Silvongxay Decl., ¶¶ 9-10; Doc. 10, Roberts Decl., ¶¶ 8-9; Doc. 11, Mumaw Decl., ¶¶ 9-13. Although other low income class members may be more able to pay the challenged copayments or less likely to suffer serious harm if they forgo medical treatment, they still are subject to the same higher charges as Plaintiffs, and Plaintiffs represent the full scope of injuries claimed on behalf of the class.

The claims that challenge the Secretary's approval of the demonstration project and the constitutionality of the Director's notice also rest on legal theories that apply to all putative class members. The typicality requirement is therefore met. *See Cohen v. Chicago Title Ins. Co.,* 242 F.R.D. 295, 299 (E.D. Pa. 2007) ("'[E]ven relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories.'") (citation omitted); *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D. 551, 558 (D. Md. 2006) ("'[W]hile claims of particular individuals may vary in detail from one to another, the collective claims focus

on particular policies applicable to each class member thereby satisfying the typicality requirement of Rule 23(a).'") (citation omitted).[1]

### 4. Adequacy of Representation.

The adequacy requirement is satisfied if the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). This requires that (1) the plaintiffs have no conflict of interest with the proposed class, and (2) are represented by qualified and competent counsel. *See Hanlon*, 150 F.3d at 1020.

Defendants assert that class certification should be denied because Plaintiffs' interests are antagonistic toward the interests of other class members. Doc. 31 at 5. Defendants argue that if Plaintiffs prevail and the challenged copayments are enjoined, the state may need to scale back coverage for the class members by opting not to cover certain services or by tightening eligibility requirements, or it could drop the demonstration project altogether, leaving class members without any medical coverage. Doc. 31 at 6. These alternatives, Defendants argue, might work to the benefit of the named class members who might still qualify for these or other benefits under the State's plan, but they are adverse to the interests of those with higher incomes who are not qualified as disabled and who would prefer some medical coverage with higher copayments to no coverage at all. *Id.* at 6-7. The Court does not find this argument persuasive.

First, the Court's ruling on Plaintiffs' motion for a preliminary injunction, entered today, concludes that the copayment-approval portion of the Secretary's October 21, 2011 decision – the decision being challenged in this lawsuit – is not severable and therefore may not be invalidated independently of the Secretary's entire decision. As a

---

[1] Defendants argue that the named Plaintiffs are not part of the class because each has alleged that he or she is disabled and has applied for supplemental security income benefits from the Social Security Administration, and their disabled status may therefore entitle them to Medicaid benefits for the "categorically needy" under Arizona's state plan. *Id.* at 9. But Plaintiffs have presented evidence that they are individuals covered by AHCCCS subject to the disputed copayments, and the fact that they have also applied for benefits due to disability does not change the factual and legal bases of their claims challenging the copayments and notices on behalf of all class members.

- 6 -

result, it appears to the Court that this case will not result in the Court invalidating the copayment provision and leaving the rest of the demonstration project in place, the scenario under which Defendants argue that the State may choose to scale back benefits or cancel coverage of the class altogether.

Second, although the Court has concluded that the copayment provisions are not severable and that the Secretary's approval of the new demonstration project must be considered in its entirety, this does not mean that the Court must vacate the entire project if it finds Plaintiffs' arguments well taken. In the first place, it is unlikely that Plaintiffs would seek such relief – relief that would deprive them of the very medical coverage they view as critical to their health and wellbeing. In addition, Defendants noted at oral argument that the Court, if it agrees with the merits of Plaintiffs' position, could remand the entire project for the Secretary's reconsideration without vacating or enjoining any part of it. This result would not cause a cancellation or reduction of coverage for the class members. Although a remand of the entire program theoretically could result in the Secretary disapproving the program or in some other program modification, the Court finds the prospect of such a result too remote to warrant a denial of class certification at this stage. As the Ninth Circuit has said, "this circuit does not favor denial of class certification on the basis of speculative conflicts." *Cummings v. Connell,* 316 F.3d 886, 896 (9th Cir.2003).

The Court therefore concludes that Defendants' worst case scenario – where Plaintiffs' claims result in a reduction or loss of AHCCCS coverage for class members – is highly unlikely. The prospect of such an outcome is not sufficiently concrete to show that Plaintiffs have a conflict of interest with the class. If Defendants believe that a conflict becomes more real as time passes, they certainly can raise with the Court the possibility of moving to decertify or modify the class. *Id.* ("Class certification is not immutable, and class representative status could be withdrawn or modified if at any time the representatives could no longer protect the interests of the class.").

Defendants' reliance on *Spry v. Thompson*, No. 03-121-KI, 2004 WL 1146543 (D. Or., 2004), *rev'd on merits*, 487 F.3d 1272 (9th Cir. 2007), does not support a different conclusion. In *Spry*, the district court determined that a conflict of interest between the named plaintiffs challenging copayments and others in the proposed class who could lose coverage if the state cut back its expansion program was not merely speculative. 2004 WL 1146543, at *5. As noted above, however, the Court has concluded that the copayment portion of the Secretary's decision is not severable and cannot, therefore, be independently invalidated. Thus, the potential outcome addressed in *Spy* – the elimination of the copayments alone – will not happen here.

Defendants also argue that that class certification should be denied because there is no possibility to amend the class into separate subclasses to avoid a conflict because no named plaintiff makes more than nominal income, making the named representatives unqualified to represent those in the larger class who have incomes up to the federal poverty level. Doc. 31 at 8. Defendants rely on *Zinser v. Accufix Research Inst.*, 253 F.3d 1180 (9th Cir. 2001), in which the majority noted in dicta that the district court may recognize subclasses "that have proper representatives and otherwise comply with Rule 23's requirements." 253 F.3d at 1192, n. 8. But whether potential subclasses had proper representatives was not the issue presented in that case; nor does the court's statement suggest that in a case where no conflict as yet exists, the named representatives must be capable of representing all potential subclasses that may later develop. On the current record, the Court concludes that Plaintiffs are adequate class representatives.

Plaintiffs are represented by Ellen Katz of the William E. Morris Institute for Justice and Jane Perkins and Kim Lewis of the National Health Law Program. Doc. 13-1 at 9. Plaintiffs assert that these attorneys are experienced in complex class litigation, particularly cases involving claims under the Social Security Act. *Id.* Ms. Katz has been a member of the Arizona Bar since 1988. Doc. 12, Katz Decl., ¶ 9. She has worked for legal aid projects in Chicago and Tucson and the Equal Employment Opportunity Commission in Phoenix. *Id.*, ¶10. She has also served as the Assistant Director of the

Arizona Center for Disability Law and as Litigation Section Chief of the Civil Rights Division of the Arizona Attorney General's Office. *Id.* Ms. Perkins has practiced law since 1981, and is the Legal Director of the National Health Law Program, where she has worked as an attorney for more than 27 years. Doc. 14, Perkins Decl., ¶ 3. Plaintiffs' counsel have acted as lead counsel for numerous complex class action cases, including *Newton-Nations v. Betlach*, 660 F.3d 370 (9th Cir. 2011). The Court finds these attorneys sufficiently qualified to serve as class counsel.

### B. Rule 23(b)(2).

A class may be maintained under Rule 23(b)(2) where the defendant's conduct applies generally to all class members, thereby making appropriate declaratory relief with respect to the class as a whole. Fed R. Civ. P. 23(b)(2). Plaintiffs allege that Defendants have enacted Medicaid policies in violation of federal law that are applicable to the class as a whole. Doc. 13-1 at 10. The requirements of Rule 23(b)(2) have been met.

### C. Class Definition.

Defendants assert that the portion of Plaintiffs' proposed class definition that applies to those "who will be deterred from obtaining or denied Medicaid-covered services because they cannot pay the copayments" is "too amorphous to be certified." Doc. 31 at 2. At oral argument, Plaintiffs' counsel suggested that the Court simply use the class definition adopted in *Newton-Nations*: "All Arizona Health Care Cost Containment System eligible persons in Arizona who have been or will be charged copayments pursuant to Arizona Administrative Code Amended Rule R9–22–711(E)." Doc. 40 at 6, n. 1; 221 F.R.D. at 512. The Court finds that this definition – modified to reflect the current administrative rule (R9–22–711(F)) – effectively encompasses all those who are part of the expansion population who have received or will receive some injury from the challenged copayment policies. The Court will therefore accept this proposed definition.

**IT IS ORDERED:**

1. Plaintiffs' motion for class certification (Doc. 13) is **granted**.

2. Plaintiffs' counsel are appointed as class counsel pursuant to Rule 23(g)(1).

3. The class is defined as "All Arizona Health Care Cost Containment System eligible persons in Arizona who have been or will be charged copayments pursuant to Arizona Administrative Code Rule R9–22–711(F)."

Dated this 5th day of October, 2012.

David G. Campbell
United States District Judge