**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Flint Wood, et al., | No. CV-12-08098-PCT-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Thomas J Betlach, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and the Civil Rights Attorneys' Fees Award Act of 1976 ("CRAFAA"), 42 U.S.C. § 1988. Doc. 119. The motion is fully briefed and no party has requested oral argument. The Court will deny the motion.

**I.    Relevant Facts.**

Arizona participates in Medicaid through the Arizona Health Care Cost Containment System ("AHCCCS"), which administers Arizona's state Medicaid plan, its demonstration projects, and certain state-only initiatives. On March 31, 2011, the State of Arizona submitted a request to the Secretary of Health and Human Services for approval of a proposed demonstration project under Section 1115 of the Social Security Act ("SSA"). The Secretary may approve any Section 1115 demonstration project that, in her judgment, "is likely to assist in promoting the objectives" of specified SSA programs, including the Medicaid program. 42 U.S.C. § 1315(a). Arizona's proposed new project covered the childless adult population that had been covered by the previous

2001 demonstration project, but with enrollment frozen at lower levels. It also included the Copayment Rule, which modified the 2001 demonstration project by increasing copayments for the childless adult population, as well as other modifications to the program. On October 21, 2011, the Secretary approved the project for a five-year period, through September 30, 2016.

Plaintiffs brought an action in May 2012 to challenge the heightened and mandatory copayments AHCCCS imposed on childless adults. Plaintiffs argued that the Secretary's approval of the challenged copayments on October 21, 2011, violated the Administrative Procedure Act ("APA") and the SSA. This Court granted Plaintiffs' motion for class certification (Doc. 87), but denied their motion for a preliminary injunction (Doc. 88). On February 7, 2013, the Court granted Plaintiffs' motion for summary judgment, finding that the Secretary violated the APA because she failed to consider and address Plaintiffs' evidence and the expert opinion of Dr. Ku. Doc. 102. The Court remanded the case to the Secretary for a new decision. The Court noted that the Secretary was required to analyze three factors in deciding whether to approve a Section 1115 project: (1) whether the project was an experimental, pilot or demonstration project; (2) whether the project was likely to assist in promoting the objectives of the act; and (3) the extent and period for which she found the project was necessary. The Court explained that the Secretary could consider the demonstration project as a whole in analyzing these factors, and that the Secretary need not separately evaluate whether each individual component of the project satisfied this test. The Court retained jurisdiction of this action during the remand.

On remand, the Secretary gave new consideration to Arizona's request. On April 8, 2013, she reaffirmed her prior decision and again approved Arizona's request consistent with the Court's directives. The parties briefed renewed motions for summary judgment, and the Court entered summary judgment in the Secretary's favor. Doc. 117. The Court held that the Secretary had reasonably determined that Arizona's proposed project met the Section 1115 factors.

## II. Legal Standard.

Under the EAJA, the Court shall award attorneys' fees to a prevailing party unless the United States shows that its position was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). The Supreme Court's decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), sets forth the analysis for attorneys' fees under § 1988 and is applied in EAJA cases. *INS v. Jean*, 464 U.S. 154, 161 (1990); *Sorenson v. Mink*, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (noting the only difference is the calculation of the attorney rate).

To be a "prevailing party," a litigant must meet two criteria: first, the litigant must show a "material alteration" in the legal relationship of the parties; and second, the alteration must be "judicially sanctioned." *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001); *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002) (applying *Buckannon* analysis to EAJA); *Bennett v. Yoshina*, 259 F.3d 1097, 1100 (9th Cir. 2001) (applying *Buckannon* analysis to CRAFAA).

## III. Analysis.

### A. Prevailing Party.

Defendants assert that Plaintiffs are not prevailing parties. Doc. 129 at 2. Defendants argue that a plaintiff does not "prevail" when it gains interim relief, such as a remand that does not conclude the litigation. *Id*. They argue that a plaintiff must show that it gained meaningful relief at the end of the litigation, which Plaintiffs did not achieve in this case. *Id*. Plaintiffs respond that they succeeded in their primary goal of obtaining a judicial finding that the Secretary's approval of the heightened and mandatory copayments violated the law and because the Secretary would not have made another determination with respect to the copayment project without this litigation. Doc. 119-1 at 4. Although the Court did not vacate the Secretary's approval, and the Court's order remanding the issue to the Secretary was not a final judgment, Plaintiffs maintain that

they are prevailing parties. *Id*.

The Ninth Circuit has held that many types of relief, including interim relief, can give rise to prevailing party status. *See Richard S. v. Dep't of Developmental Servs.*, 317 F.3d 1080, 1086 (9th Cir. 2003) (finding that a litigant prevailed when he entered into a legally enforceable settlement agreement); *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (holding that a litigant "prevailed" and was entitled to an award of attorneys' fees when he won a preliminary injunction). Plaintiffs also cite Ninth Circuit precedent holding that a party who wins a remand is entitled to "prevailing party" status even if he does not ultimately succeed with his claim before an agency. *Rueda-Menicucci v. INS*, 132 F.3d 493, 495 (9th Cir. 1997); *see also Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("[A] party is eligible for fees under EAJA if he wins at any intermediate stage in the proceedings[.]").

Despite these seemingly dispositive cases, all of the law relied on by Plaintiffs predates *Sole v. Wyner*, 551 U.S. 74 (2007), in which the Supreme Court signaled a shift in how courts determine whether a party "prevails" for purposes of the CRAFAA and EAJA. The Supreme Court held in *Sole* that a plaintiff who gains a preliminary injunction after an abbreviated hearing, but is denied a permanent injunction after a dispositive adjudication on the merits, does not qualify as a "prevailing party" under CRAFAA. *Id.* at 86. Plaintiffs do not cite, and the Court is not aware of, any Ninth Circuit precedent after *Sole* holding that interim relief in the context of the APA, EAJA, or CRAFAA entitles a party to "prevailing party" status.

In *Sole*, the plaintiff notified the Florida Department of Environmental Protection ("DEP") that on Valentine's Day 2003 she intended to create anti-war artwork consisting of nude individuals assembled into a peace sign on a state-owned beach. The DEP informed the plaintiff that her peace sign display would be lawful only if the participants complied with the "Bathing Suit Rule," which requires all patrons of Florida state parks to wear, at a minimum, a thong and, if female, a bikini top. The plaintiff wished to go forward with her Valentine's Day 2003 display and filed a complaint seeking an

injunction against enforcement of the Bathing Suit Rule. A district court granted a preliminary injunction, and the peace symbol display took place. After discovery, both sides moved for summary judgment and the district court entered judgment against the plaintiff. The district court determined, however, that while the plaintiff ultimately failed to prevail on the merits, she had obtained a preliminary injunction prohibiting interference with the Valentine's Day 2003 display and therefore qualified as a prevailing party. The district court awarded attorneys' fees to the plaintiff.

The Eleventh Circuit affirmed, reasoning that the plaintiff had gained the primary relief she sought – a preliminary order allowing her to present the peace symbol display. The Supreme Court reversed, holding that the plaintiff's "fleeting success" did not establish that she prevailed on the gravamen of her plea for injunctive relief. *Id*. at 84. Because the Bathing Suit Rule remained intact, the Court concluded that the plaintiff had gained no enduring change in the legal relationship between herself and the state officials she sued. *Id*. at 86. The plaintiff was not a prevailing party because "her initial victory was ephemeral." *Id*. *Sole* instructs courts to regard a case as a whole, rather than analyzing prevailing party status at each stage of the litigation. *Id*. at 78. The Supreme Court reasoned that "[a] plaintiff who 'secur[es] a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against [her],' has '[won] a battle but los[t] the war.'" *Id*. (quoting *Watson*, 300 F.3d at 1096).

*Sole* undermines Plaintiffs' claim to prevailing party status. Because the Court ultimately entered summary judgment in the Secretary's favor, leaving all features of the proposed demonstration project unchanged, including the Copayment Rule, Plaintiffs' efforts ultimately failed to alter the legal relationship of the parties. The interim relief was a "fleeting victory" as in *Sole* because it did not change the demonstration project or any other aspects of the parties' legal relationship.

The Court acknowledges that features of the process and relief obtained by Plaintiffs differ from the process and relief in *Sole*. The preliminary relief obtained in *Sole* was obtained in an "emergency proceeding [that] allowed no time for discovery, nor

- 5 -

for adequate review of documents or preparation and presentation of witnesses," and was "tentative [in] character." *Id*. at 84. The interim relief obtained in this case was obtained after discovery and detailed briefing. Additionally, the *Sole* plaintiff's temporary success "rested on a premise the District Court ultimately rejected." *Id*. at 85. The interim success obtained by Plaintiffs rested on a premise that was not later rejected by the Court.

Notwithstanding these differences, the Court concludes that Plaintiff is not a prevailing party. The fact remains that no lasting alteration has been made in the relationship between Plaintiffs and Defendants. Plaintiffs in this case secured less meaningful relief than the *Sole* plaintiff who was permitted to complete her artistic display. In fact, the result in this litigation actually solidified the parties' pre-litigation legal relationship by judicially sanctioning the Secretary's approval of Arizona's demonstration project. Under the rationale of *Sole*, the Court concludes that Plaintiffs are not prevailing parties under the EAJA or CRAFAA.

**IT IS ORDERED** that Plaintiffs' motion for attorneys' fees (Doc. 119) is **denied**.

Dated this 3rd day of January, 2014.

_____
David G. Campbell
United States District Judge